■  HICKS REALTY ASSOCIATES et al., Respondents, v. STATE OF NEW YORK, Appellant.  (Claim No. 47756.) — REYNOLDS, J.  Appeal from a judgment of the Court of Claims awarding respondents $125,000 for an improved parcel of property located in the business district of the City of Amsterdam appropriated by the State pursuant to sections 30 and 349-c of the Highway Law. There is no dispute to the $38,000 allotted by the trial court as the value of the land; the sole disagreement is as to the $87,000 valuation placed on the improvements located thereon. The trial court properly rejected respondents' proffered comparable sales as not being truly comparable (*Waldenmaier* v. *State of New York*, 33 A D 2d 75, 77) and instead relied on capitalization of income as the approach in valuing the property. The trial court was not required to accept as controlling the valuations by the experts for both litigants based on reproduction cost less depreciation since the building was not a specialty (e.g., *Svoboda* v. *State of New York*, 24 A D 2d 915). However, while the $87,000 valuation found by the trial court is within the range of the testimony as given, respondent's appraisers attributed a gross annual income to the building of $22,300 whereas it is clear that the amount of actual earnings from rentals was $16,500. The adjustment by the respondent's appraisers from the $16,500 actual rentals to the $22,300 figure utilized is not supported and is, therefore, sheer speculation. Thus, the $160,000 valuation arrived at by the respondents' experts is not supported by the record. Accordingly, since the State's figure was $42,354 and even utilizing the correct rental figure and the techniques employed by respondents' experts would produce a figure of only $67,200, the $87,000 figure of the trial court cannot stand (*Matter of City of New York* [*A. & W. Realty Corp.*], 1 N Y 2d 428; *Ridgeway Assoc.* v. *State of New York*, 32 A D 2d 851; *Hunt* v. *State of New York*, 28 A D 2d 1177). However, we find sufficient evidence and data in the record to support an adoption of the $67,200 figure which the correct rental figure would produce.  Judgment modified, on the law and the facts, so as to reduce the award to $105,200, of which $38,000 is attributable to the land and $67,200 to the building, and, as so modified, affirmed, without costs.  Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Sweeney, JJ., concur in memorandum by Reynolds, J.